# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Steven Rannow,

          Plaintiff,

v.

McLeod County Court and McLeod
County Social Services,

          Defendants.

Civ. No. 19-2745 (ECT/BRT)

**REPORT AND RECOMMENDATION**

Plaintiff Steven Rannow was made subject to a conservatorship in May 2019. *See In re Conservatorship of Rannow*, No. 43-PR-19-391 (Minn. Dist. Ct.). Prior to that, Rannow had been civilly committed by the State of Minnesota for many years on account of a finding that he was, at that time, mentally ill and dangerous. *See, e.g.*, *Rannow v. Jesson*, No. A13-1584, 2013 WL 6839929, at *1 (Minn. Ct. App. Dec. 30, 2013). In this action, Rannow challenges the ongoing restrictions caused by the continuing conservatorship, and he also suggests that this civil commitment was unlawful as well.

Rannow did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) After review, this Court concludes that Rannow qualifies financially for IFP status. That said, an IFP application may be denied and an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273

Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Rannow's Amended Complaint[1] raises two broad claims for relief. The first is that Rannow's civil commitment was effected without adequate procedural protections. (*See* Doc. No. 7, Am. Compl. 1 ("I believe that I should have been given a trial. I believe that I

---

[1] On January 31, 2020, Rannow submitted an Amended Complaint (Doc. No. 7), consistent with this Court's prior order inviting him to do so (Doc. No. 6). Also on that date, the Court docketed what has been labeled as a "motion" filed by Rannow. (*See* Doc. No. 8.) Upon review, this Court concludes that the "motion" is in fact the final page of Rannow's Amended Complaint. Accordingly, this Court will refer both to the document docketed as the Amended Complaint and the document docketed as a motion in interpreting Rannow's pleading.

had incompetent defensive counsel.").) These allegations are largely conclusory. For example, it is unclear *why* Rannow believes that his attorney did not provide adequate representation. Leaving that aside, there is no constitutional entitlement to a jury trial in civil-commitment proceedings, *see Poole v. Goodno*, 335 F.3d 705, 709 (8th Cir. 2003) (citing *United States v. Sahhar*, 917 F.2d 1197, 1206-07 (9th Cir. 1990); there is no reason to believe from the documents submitted by Rannow that the commitment proceedings were conducted in a manner inconsistent with state law; and each of the claims necessarily attacking the invalidity of Rannow's civil commitment are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) ("[T]he principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence.") (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)).

Second, Rannow objects broadly to the terms of the ongoing conservatorship, believing that those terms unduly interfere with his ability to conduct his life in the manner that he sees fit. Again, though, it is unclear why specifically Rannow believes that any of the ongoing restrictions are *unlawful*; the few factual allegations presented in the Amended Complaint—even when combined with the allegations in the original

pleading—are insufficient to put the Defendants on notice of the specific claims being raised against them.[2]

Rannow has not stated a cognizable claim for relief. Accordingly, this Court recommends that this matter be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of Plaintiff Steven Rannow (Doc. No. 2) be **DENIED**.

3. Rannow's motion (Doc. No. 8) be **DENIED AS MOOT**.

Dated: March 20, 2020   *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

---

[2] Rannow also alleges in a recent letter to the Court that the Defendants (and entities associated with the Defendants) have violated *state* law. (*See* Doc. No. 9.) The only jurisdictional basis for this action pleaded by Rannow, however, is that provided by 28 U.S.C. § 1331 for cases presenting a question of federal law. (*See* Doc. No. 1, Compl. 3.) By all indications, each of the parties is a citizen of Minnesota, *see* 28 U.S.C. § 1332(a), and the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Thus, even if the state-law claims had been presented in a pleading, this Court would recommend that those claims also be dismissed without prejudice.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).